UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD WILLIAMS (#403681)** | **CIVIL ACTION** |
| **VERSUS** | |
| **EDWARD L. HONEYCUTT** | **NO. 11-0677-BAJ-CN** |

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 2, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RONALD WILLIAMS (#403681)**  CIVIL ACTION

**VERSUS**

**EDWARD L. HONEYCUTT**  NO. 11-0677-BAJ-CN

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the motion of defendant Edward L. Honeycutt to set aside the default entered against him on February 16, 2012, rec.doc.no. 12.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Lt. Edward L. Honeycutt, complaining that the defendant violated the plaintiff's constitutional rights on March 22, 2011, by subjecting the plaintiff to excessive force.

On February 16, 2012, upon the failure of defendant Honeycutt, after service of process, to appear or respond to the plaintiff's Complaint, the Clerk of Court entered a preliminary default against the defendant. See rec.doc.no. 9.  The next day, defendant Honeycutt filed an Answer to the plaintiff's Complaint, asserting procedural and substantive defenses to the allegations made therein.  See rec.doc.no. 11.  In addition, through the filing of the instant motion, the defendant moved to set aside the entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  See rec.doc.no. 12.  In support thereof, counsel for the defendant asserts that the defendant's failure to timely respond to the plaintiff's Complaint was inadvertent and, at most, amounted to excusable neglect.  Moreover, counsel represents that the plaintiff will

not be prejudiced by the grant of the instant motion to set aside the entry of default.

Rule 55(b)(2) provides that, after entry of default against a non-appearing defendant, the plaintiff must apply to the Court for entry of a judgment of default. A judgment of default, however, is not a matter of right, and the awarding thereof is within the sound discretion of the district court. Flaska v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968); Hanley v. Volpe, 48 F.R.D. 387 (E.D. Wis. 1970). In addition, the decision to set aside a default lies within the sound discretion of the district court. United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985), citing Traguth v. Zuck, 710 F.2d 90, 94 (2nd Cir. 1983). Default judgments are not favored in the law, and a trial on the merits is generally seen as being more in the interest of justice and fair play. See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 3d § 2690 (1998).

In determining whether to set aside an entered default, the district court should consider: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. United States v. One Parcel of Real Property, supra, 763 F.2d at 183; Hibernia National Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir. 1985). The standard for setting aside a default is less rigorous even than that for setting aside a judgment for excusable neglect. United States v. One Parcel of Real Property, supra, 763 F.2d at 183.

Applying this standard to the instant case, the Court concludes that the entry of default should be vacated. It appears that the failure of defendant Honeycutt to file a timely answer to the plaintiff's Complaint was not willful, that the minimal delays attendant to this failure will

not prejudice the plaintiff in presenting his case, and that the defendant has raised defenses in his Answer which may prove meritorious. Accordingly, the Court finds that the scales are tipped in favor of vacating the default and allowing this case to proceed through discovery and, if necessary, to trial on the merits.

## RECOMMENDATION

It is recommended that the defendant's Motion to Set Aside Clerk's Entry of Default, rec.doc.no. 12, be granted, vacating and setting aside the default entered herein on February 16, 2012, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, March 2, 2012.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**