UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RONALD WILLIAMS (#403681)**  CIVIL ACTION

**VERSUS**

**EDWARD L. HONEYCUTT**  NO.: 11-00677-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff's **Motion in Limine (Doc. 77)**, filed by Ronald Williams ("Plaintiff"), *pro se*, seeking an order from this Court compelling Edward L. Honeycutt ("Defendant") to produce the criminal rap sheets for eleven witnesses Plaintiff anticipates Defendant will call at trial. Defendant opposes the motion. (Doc. 79).

Also before the Court is Plaintiff's **Motion to Strike and Motion in Limine (Doc. 80)**, seeking an order from this Court barring the Defendant from raising a defense of immunity at trial. The motion is unopposed. Each will be considered in turn.

By Order dated October 6, 2011, the Magistrate Judge set a discovery deadline of ninety days from Defendant's initial appearance. (Doc. 4). On February 17, 2012, Defendant answered Plaintiff's Complaint, thereby setting a discovery deadline of May 17, 2012. (*See* Doc. 11). Plaintiff now requests that this Court order Defendant to produce the criminal rap sheets of eleven of Defendant's witnesses. (Doc. 77 at p. 2). However, Plaintiff provides no reason why such

1

information was not requested within the discovery timeframe, or, alternatively, why such information could not have reasonably been obtained during the discovery period. Instead, Plaintiff simply states that "[i]t would be in the interest of coming trial, fairness in proceeding," if the Court would grant his motion. (*Id.*). The Court agrees with Defendant that this is insufficient. Plaintiff has failed to show good cause for his failure to timely request the criminal rap sheets of possible defense witnesses, and thus, his motion must be denied.

With respect to Plaintiff's second motion, styled Motion to Strike and Motion in Limine, Plaintiff argues that because Defendant's claims of immunity in his pretrial motion for summary judgment (*see* Doc. 43), were denied (*see* Doc. 47), Defendant is prohibited from asserting qualified immunity as a defense at trial. (Doc. 80 at pp. 1-2). The Court agrees.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is . . . permitted to go to trial." *Ibid.* Here, in ruling on Defendant's Motion for Summary Judgment, the Court found that "the plaintiff's allegations and evidentiary showing [were] sufficient to overcome the assertion of qualified immunity," and summary judgment was denied with respect to Plaintiff's excessive force claim. (Doc. 47 at pp. 4, 8). Defendant did not appeal that decision. Thus, having been denied the ability to assert qualified

2

immunity in his pretrial motion, and having failed to file an interlocutory appeal, Defendant is not entitled to reassert qualified immunity as a defense at trial.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine (Doc. 77) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Motion in Limine (Doc. 80) is **GRANTED**.

Baton Rouge, Louisiana, this 15th day of December, 2014.

**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**