UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD WILLIAMS      CIVIL ACTION

VERSUS

EDWARD HONEYCUTT      NO.: 3:11-cv-677-BAJ-RLB

### ORDER

Before the Court is Defendant's **Motion for Reconsideration (Doc. 87)** filed by Edward Honeycutt on December 29, 2014, seeking reconsideration of this Court's ruling denying Defendant the ability to assert qualified immunity as a defense at trial. Plaintiff opposes the motion.[1] (Docs. 90, 91).

On November 15, 2012, this Court denied Defendant's motion for summary judgment with respect to Plaintiff's excessive force claim. (Doc. 47 at p. 8). In that ruling, the Court held that Plaintiff's "allegations and evidentiary showing [were] sufficient to overcome the assertion of qualified immunity" with respect to Plaintiff's excessive force claim. (Doc. 47 at p. 4).

On December 15, 2014, this Court granted Plaintiff's unopposed motion in limine barring Defendant from raising a defense of immunity at trial. (Doc. 85). However, upon further review, the Court finds that because material factual disputes existed, the Court was unable to definitely ascertain whether Defendant was entitled to qualified immunity at the summary judgment stage. In other words,

---

[1] In opposition, Plaintiff essentially reiterates the same argument contained in his motion in limine – that qualified immunity was denied at the summary judgment stage and Defendant did not file an interlocutory appeal – while also highlighting that Defendant did not object to or file a written response to his motion in limine. (Doc. 90 at pp. 1-2).

credibility determinations must be made in order to decide the "objective legal reasonableness" of Defendant's actions in light of clearly established law at the time. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). It is well-established, however, that the Court is precluded from evaluating credibility, weighing the evidence, or resolving factual disputes at the summary judgment stage. *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1994), *cert. denied*, 502 U.S. (1992). As a result, Defendant could not file an interlocutory appeal of the Court's summary judgment ruling pursuant to *Mitchell v. Forsyth*, 472 U.S. 511 (1983). *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding that if a district court denies a defendant's summary judgment qualified immunity motion because there are disputed issues of material fact, the defendant may not take an immediate appeal that contests the district court's factual determinations).

Accordingly, because material factual disputes precluded the Court from determining Defendant's entitlement to qualified immunity plea at the summary judgment stage, Defendant may pursue his immunity claim at trial, at which point it will be evaluated along with the credibility of the witnesses.

**IT IS HEREBY ORDERED** that the motion is **GRANTED**.

Baton Rouge, Louisiana, this 21st day of January, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA