UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD WILLIAMS        CIVIL ACTION

VERSUS

EDWARD HONEYCUTT        NO.: 11-00677-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for New Trial (Doc. 116)** filed by Ronald Williams ("Plaintiff") on March 2, 2015, four days after the conclusion of a jury trial in this matter,[1] seeking a new trial on the ground that this Court's jury instruction constituted plain error. Edward Honeycutt ("Defendant") opposes the motion. (Doc. 117). Plaintiff submitted an opposition to Defendant's opposition.[2] (Doc. 118). For the reasons stated below, Plaintiff's motion is **DENIED**.

As Defendant highlights, a copy of the proposed jury instructions were filed into the record in this matter by this Court on January 27, 2015. (Doc. 103). However, it appears as though Plaintiff never received an advance copy of the proposed charges due to administrative error.[3] Thus, Plaintiff made no written

---

[1] Accordingly, the motion is timely filed pursuant to Federal Rule of Civil Procedure 59(b).

[2] Pursuant to Local Rule 7.3, a party may not supplement his or her memoranda "except with leave of court first obtained." Plaintiff did not seek leave of Court prior to filing his reply. Though the Court will consider Plaintiff's supplemental memorandum here, the Court will not permit supplemental memorandum filed without leave of court in the future.

[3] The charges were filed into the docket on January 27, 2015, but were not sent to Plaintiff via Angola's e-file system. To be clear, the Court is not required to provide proposed instructions in advance of trial. However, in this case, as a courtesy to Mr. Williams as a *pro se* plaintiff, the Court

objections, but he did propose his own instruction to be read to the jury. (Doc. 108). Before recessing for the evening on February 25, 2015, the first day of trial, the Court provided Plaintiff with a hard copy of the revised proposed instructions for his review in advance of the jury charge conference the following day. Then, at the close of the Defendant's case, but prior to closing statements, on February 26, 2015, the Court went through the instructions page by page with Plaintiff and counsel for Defendant, asking each party if he had an objection. At no point did Plaintiff lodge an objection to any of the instructions. Because Plaintiff's proposed additional instruction was factual in nature, and did not accurately represent the applicable law, the Court excluded the instruction pursuant to Defendant's objection.

In the instant motion, Plaintiff now asserts that "an objection to the Court's jury charge was not necessary." (Doc. 116 at p. 2). However, that is not the law. Federal Rule of Civil Procedure 51(c) requires a party to object "on the record, stating distinctly the matter objected to and the grounds for the objection." Here, Plaintiff had several opportunities to lodge an objection, but failed to do so at any time, before or during trial, including during the reading of the instructions to the jury.

Even assuming, *arguendo*, that Plaintiff had timely objected, the specific instruction that Plaintiff now finds objectionable comes directly from the 2014 Edition of the Pattern Jury Instructions, which are prepared by the United States

---

chose to do so. That the instructions were not received in advance of trial is not dispositive of this matter for the reasons stated above.

Court of Appeals for the Fifth Circuit's Committee on Pattern Jury Instructions District Judges Association. The provision that Plaintiff now finds objectionable, provides:

> Whether a use of force against a prison inmate is excessive depends on whether the force was applied in a good-faith effort to maintain or restore discipline. . . .
> . . . .
> In deciding whether the force used was excessive, you must give prison officials wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security of the prison.

Pattern Jury Instructions Civil, 5th Cir. (2014), 10.7. Contrary to Plaintiff's assertion, these provisions are supported by applicable case law. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (holding that the "core judicial inquiry," . . . [is] "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citation omitted); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

Moreover, Plaintiff's citation to *Wood v. Strickland*, 420 U.S. 308 (1975) in support of his argument that the Court's reading of the contested instruction is also unavailing. The *Wood* decision addressed a situation that is not at all analogous to the facts here -- the rights of school children in the context of school discipline – and thus, is inapplicable to the instant case. Here, Plaintiff stated a claim of excessive

force. As is his right, Defendant timely asserted the affirmative defense of qualified immunity. As stated in the jury instructions at trial, qualified immunity applies if a reasonable officer could have believed that the force used was lawful in light of clearly established law and the information that the Defendant possessed. *See* Pattern Jury Instructions, Civil 5th Cir. (2014), 10.3; *see also Wilson v. Layne*, 526 U.S. 603, 615 (1999); *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2086 (2011) (citations omitted). The Court was not able to determine the applicability of qualified immunity prior to trial because disputed issues of material fact precluded a grant of summary judgment on that claim. (*See* Doc. 47 at pp. 3-5). Specifically, the Court's inability to ascertain whether Plaintiff was or was not handcuffed at the time the irritant was used, and whether or not he failed to comply with direct verbal orders, without first making credibility determinations precluded a grant of summary judgment. Accordingly, the issue was submitted to the jury at trial. Importantly, having found by a preponderance of the evidence that Defendant did not use excessive force against Plaintiff on March 22, 2011, the jury never reached the qualified immunity issue either. (Doc. 111). Nevertheless the instruction to the jury was proper.

Finally, in an abundance of caution, Defendant also addresses the possibility that Plaintiff's motion seeks a new trial on the grounds that the verdict was unsupported by the evidence. (Doc. 117 at p. 3-5). In his response to Defendant's opposition, Plaintiff does not address this contention, but instead rehashes his argument regarding the impropriety of the "good faith" jury instruction. (Doc. 117

at pp. 2). Accordingly, the Court will not address the argument that the verdict was against the weight of the evidence, other than to say that this case hinged on credibility. A verdict for Defendant necessarily entailed a finding that Plaintiff was not handcuffed at the time he was sprayed with chemical agent, and/or that the irritant was used because Plaintiff would not comply with the verbal orders of Defendant and other guards, and there was testimony offered by Defendants that supported such a finding. Thus, the verdict was not unsupported by the evidence.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for New Trial (Doc. 116) is **DENIED**.

Baton Rouge, Louisiana, this 17th day of March, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**